UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENIQUE CARTER,<br><br>      *Plaintiff*,<br><br>v.<br><br>CREDIT ACCEPTANCE CORPORATION; TRANS UNION, LLC; and EQUIFAX INFORMATION SERVICES, LLC,<br><br>      *Defendants*. | Civil Action No.: 7:21-cv-8276<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Kenique Carter, Plaintiff herein, by their attorneys, allege and complain of Defendants as follows:

**PRELIMINARY STATEMENT**

1. Kenique Carter ("Plaintiff" or "Ms. Carter"), a Licensed Practical Nurse, is a victim of unlawful credit practices in connection with her vehicle financing agreement with Credit Acceptance Corporation ("CAC" or "Defendant CAC") and their reporting of false information to two of the three national credit reporting agencies: Trans Union, LLC ("Trans Union") and Equifax Information Services, LLC ("Equifax") (collectively, the "CRA Defendants").

2. Defendant CAC has falsely verified credit reporting information it knows to be inaccurate, and has failed to honor a settlement agreement and mutual release of claims between Plaintiff and CAC (the "Settlement Agreement") to which it bound itself in a now dismissed arbitration matter (*Carter, Kenique vs. Spartan Auto Group, LLP et al.*, Reference No. 1425033141) (the "Arbitration").

1

3. CRA Defendants have failed to remove false information provided by CAC despite being presented with fully executed Settlement Agreement and other supporting documents.

4. This is an action for actual, statutory, treble and punitive damages, declaratory relief, injunctive relief, and statutory attorney's fees and costs brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA") and breach of contract.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681, and 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue in this District is proper under 28 U.S.C. § 1391 because the Defendants maintain offices, transact business, and are otherwise found in this District and because of majority of the events occurred in this District.

## PARTIES

8. Plaintiff is natural person and citizens of Willowick, Ohio.

9. Plaintiffs is an individual and "consumer" within the meaning of the FCRA, 15 U.S.C. § 1681a(c), as well as the NY GBL § 380-a(b).

10. Equifax information Services, LLC ("Equifax") is a Georgia limited liability company, duly authorized and qualified to do business in the State of New York.

11. Trans Union LLC ("Trans Union") is a Delaware limited liability company, duly authorized and qualified to do business in the State of New York.

12. Equifax and Trans Union are both "consumer reporting agency" within the meaning of the FCRA (15 U.S.C. § 1681a(f)) and NY FCRA (G.B.L. § 380-a(e)).

13. Credit Acceptance Corporation ("CAC") is a Michigan corporation duly qualified to do business in New York.

14. CAC is a "furnisher of information" within the meaning of the FCRA, 15 U.S.C. § 1681s-2, *et seq*.

## FACTS

15. Ms. Carter, a Licensed Practical Nurse, temporarily moved from Ohio to New York to assist in dealing with the COVID-19 pandemic in approximately April of 2020.

16. Needing a car, Plaintiff purchased a vehicle in May of 2020 from a dealership (the "Dealership") located in the Bronx, NY.

17. Said vehicle is a used, 2016, Nissan, Rogue, VIN# KNMAT2MV4GP670410 (the "Vehicle").

18. The Retail Installment Agreement (the "RIC") used in Plaintiff's purchase of the vehicle was assigned to Defendant CAC and was also a CAC form.

19. During the purchase process of the Vehicle, Ms. Carter became a victim of unlawful and predatory sales, financing, advertising, and credit practices at the hands of both the Dealership and CAC.

20. As such, Plaintiff sued both the Dealership and Defendant CAC in September of 2020.

21. Specifically, Plaintiff submitted an arbitration petition with JAMS through her current counsel, Schlanger Law Group, LLP.

22. The Arbitration (*Carter, Kenique vs. Spartan Auto Group, LLP et al.*, Reference No. 1425033141) settled.

23. The Settlement Agreement was fully executed in January of 2021 by all parties and the pending Arbitration was dismissed on March 19, 2021.

24. During the Arbitration process, Plaintiff withheld her monthly payments for the Vehicle.

25. Pursuant to the Settlement Agreement, Ms. Carter promptly paid the $1,220.82 by the agreed upon March 4, 2021 deadline.

26. Defendant CAC's counsel in the Arbitration matter confirmed on March 12, 2021 that payment for the owed balance had been "received" and that Plaintiff was "completely caught up and current" with her account with CAC (the "Account").

27. Pursuant to the Settlement Agreement:

> c. On or before March 4, 2021, the Consumer shall make a one-time payment to Credit Acceptance in the amount of $1,220.82 to bring the Account current (the "Balance Payment"). After making the Balance Payment, the Consumer shall resume making payments to Credit Acceptance on the due dates set forth in the Contract (i.e., the 4th day of every month beginning March 4, 2021). Upon clearance of the Balance Payment, the Consumer's Account shall be deemed to be in good standing and no payments corresponding to any period prior to March 4, 2021 shall be due, demanded or owing.
>
> d. Contingent upon Consumer making the Balance Payment timely, Credit Acceptance shall not report to any credit bureau or consumer reporting agency any late payments on the Account corresponding to any period prior to March 4, 2021.
>
> *Kenique Carter v. Spartan Auto Group LLP, et al.*, Settlement Agreement, ¶ 6.

28. On March 30, 2021, Ms. Carter, through counsel, informed CAC, also through counsel, that the tradeline on her CAC account was still showing the late payments, notwithstanding the parties' Settlement Agreement and Ms. Carter's timely payment.

29. Specifically, Plaintiff notified CAC that Trans Union was still reporting the account as late, and that Trans Union and Equifax were both reporting the account as disputed.

30. CAC assured Plaintiff that the account update was sent to the credit reporting agencies but that the agencies had failed to update as instructed, and that CAC would look into the situation and make sure it was fixed.

31. Unfortunately, the incorrect reporting continued.

32. Specifically, with regard to both CRA Defendants, Plaintiff's CAC Account appears as delinquent on both of her credit reports with Trans Union reporting 60 days late for December, 2020 and 90 days late for January, 2021 and Equifax reporting 60 days late for November, 2020- 90 days late for December, 2020.

33. Ms. Carter disputed the incorrect reporting with both Trans Union and Equifax by letter dated May 27, 2021.

34. Specifically, the dispute letter to each agency related the dispute between the parties, the relevant provisions of the Settlement Agreement, the timely payment, and CAC's representation made in March 2021 to Plaintiff that the inaccurate reporting would be corrected.

35. In addition to describing the relevant facts, the dispute letter attached:

- The Arbitration Petition;

- A copy of the settlement agreement made with the auto dealership;

- The Settlement Agreement with CAC;

- Proof of timely payment;

- A copy of the inaccurate credit reports with the disputed tradelines highlighted;

- Correspondence from CAC stating that the issue was due to the credit reporting agencies failing to acknowledge the update request, but committing nonetheless to correct the inaccuracy; and

- Copies of her Social Security Card and Driver's License as proof of identification.

36. By letter dated June 16, 2021, Equifax responded to Plaintiff's dispute letter dated May 27, 2021 and stated that they had researched the account and question.

37. Specifically, they stated that CAC was "currently reporting a zero balance" for Plaintiff's account and did not remove the late payments reported for November and December.

38. Shortly thereafter, by letter dated June 30, 2021, Defendant Trans Union responded to Plaintiff's May 27, 2021 dispute letter and stated that they "investigated the information" that Plaintiff had disputed; however, Trans Union concluded that "the disputed item was **VERIFIED AS ACCURATE**" (emphasis in original)

39. Despite having informed Defendant CAC of the errors in Plaintiff's credit reports with respect to her Account, it failed in resolving the inaccurate reporting being done by the CRA Defendants.

40. The CRA Defendants have refused to correct obviously erroneous data after having been presented with a detailed, well-documented dispute.

41. As a result of the Defendants' violations of §1681s-2(b)(1), Plaintiffs suffered actual damages including but not limited to loss of credit, damage to reputation, embarrassment, humiliation, anguish and the other damages set forth herein.

## FIRST CLAIM FOR RELIEF
## VIOLATIONS OF FCRA § 1681s-2(b)
### (Against CAC)

42. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

43. Congress enshrined within the FCRA the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. §1681(a)(4).

44. Congress stated plainly the purpose of the FCRA, namely "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." 15 U.S.C. §1681(b).

45. CAC violated §1681s-2(b) by its acts and omissions, including, but not limited to:

   a. failing to conduct a reasonable investigation of Plaintiffs' disputes;

   b. failing to review all relevant information provided by consumer reporting agencies; and

   c. failing to promptly modify, delete, or permanently block any information it could not verify as accurate, in violation of 15 U.S.C. §1681s-2(b)(1).

46. These violations of §1681s-2(b)(1) were willful, rendering Defendant CAC liable for actual damages, statutory damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

47. In the alternative, CAC was negligent, entitling Plaintiffs to recover actual damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

**SECOND CLAIM FOR RELIEF**
**VIOLATIONS OF FCRA § 1681e(b) and 1681i**
**(Against Trans Union and Equifax)**

48. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

49. The CRA Defendants each violated multiple sections of U.S.C. §1681i by their acts and omissions, including, but not limited to:

    a. failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from Plaintiffs' credit file in violation of § 1681i(a)(1);

    b. by failing to review and consider all relevant information submitted by Plaintiffs in violation of § 1681i(a)(4); and

    c. by failing to properly delete the disputed inaccurate items of information from Plaintiffs' credit files or modify item of information upon a lawful reinvestigation in violation of § 1681i(a)(5).

50. Each of the CRA Defendants violated 15 U.S.C. § 1681e(b) by their conduct, acts and omissions including but not limited to failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiffs in the preparation of their credit reports and credit files that they published and maintained.

### THIRD CAUSE OF ACTION
### BREACH OF CONTRACT
### (Against Defendant CAC)

51. Plaintiffs reallege and incorporate the above paragraphs as if reasserted and realleged herein.

52. Plaintiffs and Defendant CAC entered into a contractual agreement via the Settlement Agreement.

53. The Settlement Agreement required that Plaintiff make all back payments owed to CAC to bring her Account current on or before March 4, 2021.

54. The amount Plaintiff owed to make her Account current with Defendant CAC was $1,220.82.

55. Plaintiff made the payment for $1,220.82 on February 25, 2021, before her appointed deadline of March 4, 2021, therefore honoring the Settlement Agreement.

56. In the Settlement Agreement, CAC agreed to deem Plaintiff's account balance to be "in good standing" and that no payments corresponding "to any period prior to March 4, 2021 shall be due, demanded or owing."

57. In addition, contingent on Plaintiff making her back payments before to her March 4th deadline, Defendant CAC also agreed to "not report any credit bureau or consumer reporting agency any late payments on the Account corresponding to any period prior to March 4, 2021."

58. However, despite having made the contingent payment on time, Plaintiff still experienced negative credit reporting at the hands of the CRA Defendants due to the false information provided to the them by Defendant CAC.

59. As a direct and proximate result of Defendant's breaches of contract, Plaintiff suffered damages and is entitled to actual damages and costs.

**WHEREFORE**, Plaintiffs seek judgment in Plaintiffs' favor and judgment against Defendants:

a. awarding Plaintiffs actual damages, statutory damages, punitive damages, treble damages, costs and reasonable attorney's fees as against each Defendant;

b. ordering Defendants to immediately delete all inaccurate information from Plaintiffs' credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information, and to send updated and corrected credit report information to all persons and entities to whom they have reported inaccurate information about the Plaintiffs; and

c. such other and further relief as may be necessary, just, and proper.

**(Continued on the next page…)**

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a trial by jury as to all issues so triable.

Dated: October 7, 2021

*/s/ Daniel A. Schlanger*
Daniel A. Schlanger
Schlanger Law Group LLP
80 Broad Street, Suite 1301
New York, NY 10004
T: 212-500-6114
F: 646-612-7996
E: dschlanger@consumerprotection.net
*Counsel for Plaintiff*
