UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENIQUE CARTER,<br><br>*Plaintiff*,<br><br>v.<br><br>CREDIT ACCEPTANCE CORPORATION, TRANS UNION, LLC, and EQUIFAX INFORMATION SERVICES LLC,<br><br>*Defendants*. | Case No. 1:21-cv-08276-LGS |

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by and between Plaintiff Kenique Carter ("Plaintiff") and Defendants Trans Union LLC ("Trans Union"), Equifax Information Services LLC ("Equifax") and Credit Acceptance Corporation ("CAC") (together, "Defendants") (collectively, the "Parties"), through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the Parties to this action relating to trade secrets, confidential research, development, technology, income, credit, or other proprietary information ("Confidential Information") belonging to the Parties, and

THEREFORE, an Order of this Court protecting such Confidential Information shall be and hereby is made by this Court on the following terms:

1.  This Stipulated Protective Order ("Protective Order") shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this

action which are designated to be subject to this Protective Order in accordance with the terms hereof.

2. Any Party or non-party producing or filing documents or other materials in this action (the "Producing Party") may designate such materials and the information contained therein subject to this Protective Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. If a Producing Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Producing Party if particular documents it designates as "Confidential" are disclosed to all other Parties or non-parties to this action, the Producing Party may designate those particular documents as "Confidential—Attorneys' Eyes Only."

4. Portions of transcripts of depositions taken in this action may be designated as "Confidential" or "Confidential—Attorney's Eyes Only" in accordance with this Protective Order within ten (10) calendar days after the date a full and final copy of the transcript has been made available to the deponent (or, if applicable, deponent's counsel) or by designation on the record at the time the testimony is taken.  Such designation(s) shall be specific as to the portions that contain Confidential Information.  In the course of a deposition at which persons are present to whom Confidential Information may not be disclosed (see Paragraphs 7 and 8 below), the party or its, his, or her counsel shall state on the record prior to using any Confidential Information that the document and/or information about to be used is confidential, so as to give the Producing Party the opportunity to object to the use of such Confidential Information in the presence of such persons or to assert any other rights or objections with respect thereto.

5. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Protective Order, the Party filing such papers shall designate such materials, or portions thereof, as "Confidential," or "Confidential—Attorneys' Eyes Only" and shall file them with the clerk under seal; provided, however, that a copy of such filing having the Confidential Information deleted therefrom may be made part of the public record. Any Party filing any document under seal must also comply with Judge Schofield's Individual Motion Practice and Rules for filing under seal.

6. All documents, transcripts, or other materials subject to this Protective Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential—Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any person**,** including the Parties, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Protective Order.

7. Except with the prior written consent of the Producing Party or pursuant to prior Order after notice, any document, transcript or material designated "Confidential" under this Protective Order, and any information contained in or derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" hereunder), may not be disclosed other than in accordance with this Protective Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) Parties to this action; (c) counsel for the Parties, whether retained outside counsel or in-house counsel and employees and litigation support vendors of

counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the Parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); (f) court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this action and who have signed the "Declaration of Compliance" (Exhibit A); and (g) experts specifically retained as consultants or expert witnesses in connection with this action.

8. Except with the prior written consent of the Producing Party or pursuant to prior Order after notice, any document, transcript or material designated "Confidential—Attorneys' Eyes Only" under this Protective Order, and any information contained in or derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential—Attorneys' Eyes Only" hereunder), may not be disclosed other than in accordance with this Protective Order and may not be disclosed to any person other than: (a) the Parties' retained outside counsel of record in this action, as well as employees of said outside counsel and litigation support vendors to whom it is reasonably necessary to disclose the information for this action and who have signed the "Declaration of Compliance" (Exhibit A); (b) experts specifically retained as consultants or expert witnesses in connection with this action who have signed the "Declaration of Compliance" (Exhibit A); (c) the Court and its personnel; (d) court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this action and who have signed the "Declaration of Compliance" (Exhibit A); and (e) the author of the document or the original source of the information.

9. Documents produced pursuant to this Protective Order shall not be made available to any person designated in Subparagraph 7(g) or 8(b) unless he or she shall have first read this Protective Order, agreed to be bound by its terms, and signed the attached "Declaration of Compliance" (Exhibit A).

10. All persons receiving any or all documents produced pursuant to this Protective Order shall be advised of their confidential nature.  All persons to whom Confidential Information is disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named Parties thereto.

11. In the event that any person having possession, custody or control of Confidential Information receives any subpoena, process or order ("Process") to produce such information, from any person who is not a Party, such person shall (1) notify telephonically and by email counsel of record for each affected Party, (2) furnish a copy of said Process to counsel of record for each affected Party, and (3) cooperate, in good faith, with respect to all reasonable procedures sought to be pursued by each affected Party with respect to the Process.  Said notice shall be given as soon as practicable to permit action by any affected Party, but in no event later than seven (7) days of the receipt of the Process (unless impracticable under the circumstances).  The recipient of the Process shall be entitled to comply with it except to the extent an Order is entered modifying or quashing the Process.  The recipient of the Process shall not be subject to sanctions for violating this Protective Order if that person is ordered by a Court to respond to said Process or no Party moves to quash or modify said Process prior to the date that a response to said Process is due.

12. If, as a result of inadvertence or other excusable reason, a party or witness has heretofore produced or disseminated Confidential Information or hereafter produces or disseminates Confidential Information without designating that document as "Confidential" the party or witness shall preserve the "Confidential" designation by informing the party or parties to whom he, she or it has produced such document of the identification or number(s) of the document they desire to designate as "Confidential". Such document shall be treated as "Confidential" pursuant to this Protective Order from and after the date the receiving party or parties receive such designation.

13. Nothing in this Protective Order shall prevent a Party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only."

14. This Protective Order has been agreed to by the Parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Protective Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential—Attorneys' Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

15. At the conclusion of the action, all documents, information, or the like designated "Confidential" or "Confidential—Attorneys' Eyes Only" and any copies thereof shall be promptly (and no later than sixty (60) days after entry of final judgment no longer subject to further appeal) returned to the Producing Party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that such files will remain subject to the provisions of this Protective Order. In the event that any Party to this action disagrees at any point in these proceedings with any designation made under this Protective Order, the Parties shall first try to resolve such dispute in good faith on an informal

basis. If the dispute cannot be resolved, the Party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation, the designated document, information or the like shall continue to be treated as "Confidential" or "Confidential—Attorneys' Eyes Only" and subject to the provisions of this Protective Order.

16. Nothing herein shall affect or restrict the rights of any Party with respect to its own documents or to the information obtained or developed independently of documents, information or the like designated "Confidential" or "Confidential—Attorneys' Eyes Only" pursuant to this Protective Order.

17. The Court retains the right to allow disclosure of any subject covered by this Protective Order or to modify this Protective Order at any time in the interest of justice.

The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions. The parties are further directed to follow the Court's Individual Rule I.D.3 regarding motions for approval of sealed or redacted filings. So Ordered.

Dated: April 25, 2022
New York, New York

                                                      LORNA G. SCHOFIELD
                                                     UNITED STATES DISTRICT JUDGE

Dated:      April 22, 2022                    Respectfully submitted,

                                            */s/ Arjun Shah*
Arjun Shah, Esq.
SCHLANGER LAW GROUP, LLP
80 Broad Street, Suite 1301
New York, NY 10004
Telephone: (212) 500-6114
Email: ashah@consumerprotection.net

Thomas J. Lyons, Esq.
Consumer Justice Center, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651)-770-9707
Email: tommy@consumerjusticecenter.com

*Counsel for Plaintiff*
*Kenique Carter*

Dated:      April 22, 2022                    Respectfully submitted,

                                            */s/ Katherine C. Robinson*
Katherine C. Robinson, Esq.
SCHUCKIT & ASSOCIATES, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
Telephone: (317) 363-2400
Email: krobinson@schuckitlaw.com

*Counsel for Defendant*
*Trans Union LLC*

8

Dated: April 22, 2022  Respectfully submitted,

*/s/ Chester R. Ostrowski*
Chester R. Ostrowski, Esq.
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
Telephone: (212) 455-0454
Email: costrowski@mclaughlinstern.com

*Counsel for Defendant*
*Credit Acceptance Corporation*

Dated: April 22, 2022  Respectfully submitted,

*/s/ Adam T. Hill*
Adam T. Hill, Esq.
SEYFARTH SHAW LLP
233 S. Wacker Drive
Chicago, IL 60606
Telephone: (312) 460-5954
Email: ahill@seyfarth.com

*Counsel for Defendant*
*Equifax Information Services, LLC*

**EXHIBIT A**

**DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Protective Order.

6. I will comply with all provisions of this Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Protective Order, any information, documents or other materials produced subject to this Protective Order.

8. I will use such information, documents or other materials produced subject to this Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Protective Order, to my counsel in this action, or to counsel for the Party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Protective Order in this action.

2

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _____ day of _____, 20__, at _____.

_____
QUALIFIED PERSON

2